JS-6
O

# United States District Court
# Central District of California

| | |
|---|---|
| RAQUEL VELASQUEZ, | Case No. 2:16-cv-5960-ODW (E) |
| Plaintiff, | |
| v. | **ORDER GRANTING** |
| CALIBER HOME LOANS, INC. and | **DEFENDANTS' MOTION TO** |
| DOES 1–10, inclusive, | **DISMISS WITH PREJUDICE [10]** |
| Defendants. | |

## I.   INTRODUCTION

Before the Court is Defendant Caliber Home Loan's Motion to Dismiss Plaintiff Raquel Velasquez's Complaint for failure to state a claim.  (ECF No. 10.) For the reasons discussed below, the Court **GRANTS** the Motion as unopposed.

## II.   FACTUAL BACKGROUND

On April 12, 2016, Plaintiff filed this action in the Superior Court of Los Angeles, alleging claims for negligence and breach of the covenant of good faith and fair dealing.  (Compl., Not. of Removal, Ex. A, ECF No. 1.)  Plaintiff's claims seemingly arise out of her attempts to delay a lawful foreclosure and a dispute over a denied loan modification.  (*Id.*)

Defendants removed the action to this Court on August 10, 2016.  (ECF No. 1.) Now before the Court is Defendants' Motion to Dismiss.   (Mot., ECF No. 10.) Defendants seek to dismiss the Complaint in its entirety, contending that (1) Plaintiff's claims are barred by res judicata, as she previously brought this claim in a since-dismissed state action; and (2) Defendants neither owed her the duty of care required to support a negligence claim nor had the sort of relationship with Plaintiff to give rise to covenant liability.  (*Id.* 10.)

The Court set a hearing date of September 26, 2016 for the Motion.  (ECF No. 10.)  Plaintiff's opposition to the Motion was due on September 2, 2016,[1] though no opposition was filed.  Defendants' Motion is now before the Court for decision.[2]

---

[1] Where a filing deadline falls on a Court holiday, this Court's Standing Order instructs parties to file their papers on the Friday before the holiday.  *See* Standing Order.  With a hearing date of September 26, 2016, Plaintiff's opposition would be due on Monday, September 6, 2016—which was Labor Day.  Accordingly, the opposition should have been filed on or before Friday, September 2, 2016.  Notably, even without this local rule, Plaintiff did not file her opposition on or before September 6, 2016, either.

[2] After carefully considering the papers (or lack thereof) filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.

### III.   DISCUSSION

Local Civil Rule 7-9 requires a party opposing a motion to file an opposition or statement of non-opposition at least twenty-one days before the noticed hearing date. District courts have broad discretion to enact and apply local rules, including dismissal of a case for failure to comply with the local rules.  *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (affirming grant of an unopposed motion to dismiss under local rule by deeming a pro se litigant's failure to oppose as consent to granting the motion); *United States v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979).  Even though the court has an obligation to liberally construe their pleadings, even "pro se litigants are bound by the rules of procedure."  *Ghazali*, 46 F.3d at 54.  Before dismissing an action for failure to comply with local rules, the district court "weigh[s] several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions.'"  *Id.* at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

Plaintiff clearly violated Local Rule 7-9 by failing to file a timely opposition or non-opposition to the instant Motion.  With a noticed hearing date of September 26, 2016, Plaintiff's response was due September 2, 2016.[3]  (ECF No. 10.)  No opposition was filed.  The Court concludes that "the public's interest in expeditious resolution of litigation," "the court's need to manage its docket," and "the risk of prejudice to the defendants" weigh in favor of granting the Motion to Dismiss in its entirety.  *See Ghazali*, 46 F.3d at 53.  While public policy and the availability of less drastic sanctions would usually counsel in favor of denial of the motion, the Court accepts Plaintiff's lack of response as acquiescence.  Where the Plaintiff does not oppose dismissal, it is unnecessary for the Court to consider less drastic alternatives.  Moreover, Plaintiff is represented by counsel in this matter, and thus cannot claim

---

[3] Again, see Note 1, *supra*.

ignorance of the filing deadlines.

Accordingly, the Court advances the September 26 hearing date to today's date and **GRANTS** Defendant's motion to dismiss as unopposed. *See* L.R. 7-9; *see also Ghazali*, 46 F.3d at 53; *Holt v. I.R.S.*, 231 Fed. Appx. 557, 558 (9th Cir. 2007) (court did not abuse its discretion in dismissing action for failure to file an opposition and rejecting pro se plaintiff's contention that the district court should have warned her of the consequences of failing to file an opposition).  The Court **DISMISSES** Plaintiff's Complaint with prejudice.

**IT IS SO ORDERED.**

September 7, 2016

_____
             **OTIS D. WRIGHT, II**
    **UNITED STATES DISTRICT JUDGE**